UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWNA KUHNE,

    Plaintiff,

Case No. 08-14088

v.

LAW OFFICES OF TIMOTHY          Hon. John Corbett O'Meara
E. BAXTER AND ASSOCIATES, P.C.,
a professional corporation,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the court is Defendant's motion to dismiss, filed December 29, 2008. Plaintiff submitted a response on January 21, 2009. Defendant filed a reply brief on February 2, 2009. Pursuant to L.R. 7.1(e)(2) (E.D. Mich. 1998), the court did not hear oral argument and will determine this matter on the briefs.

## BACKGROUND FACTS

Plaintiff filed this action on September 23, 2008, alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(2). Specifically, Plaintiff contends that Defendant violated the Act by communicating directly with Plaintiff in an attempt to collect a debt when it knew she was represented by counsel. As Plaintiff notes in her complaint, she is entitled to $1,000 in statutory damages if she prevails, plus reasonable attorney fees. See 15 U.S.C. § 1692k(a)(2)(A). She requests a judgment against Defendant "in the amount of $1,000 plus costs, interest and reasonable attorneys fees." See Compl. Plaintiff does not allege actual damages.

Defendant contends that it served an offer of judgment on Plaintiff pursuant to Fed. R. Civ. P. 68 on December 9, 2008. The offer of judgment included $1,000 in statutory damages, $350 in costs, and "reasonable attorney's fees as determined by the Court." Def.'s Ex. A. Plaintiff did not accept the offer within ten days as allowed under the rule. Defendant then moved to dismiss the complaint, asserting that, because it offered Plaintiff the maximum amount recoverable in this suit, there is no longer a live case or controversy between the parties and the court lacks subject matter jurisdiction.

## LAW AND ANALYSIS

In response to Defendant's motion, Plaintiff contends only that she did not receive the offer of judgment, because it was sent to the wrong address. Defendant admits that the address was incorrect, but notes that the envelope was not returned by the post office. Moreover, it is undisputed that Plaintiff was served with the offer of judgment as of December 29, 2008, because it was attached to Defendant's motion. Plaintiff has made no attempt to accept the offer of judgment.

Article III of the United States Constitution limits the judicial authority of the federal courts to "cases" and "controversies." U.S. Const. Art. III, § 2. Because of this constitutional limitation on judicial power, a federal court lacks subject matter jurisdiction over an action unless it presents an actual case or controversy. See United States Nat'l Bank of Oregon v. Independent Ins. Agents of America, 508 U.S. 439, 446 (1993). The case or controversy requirement persists throughout the litigation; to sustain jurisdiction, "the parties must continue to have a 'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990) (citations omitted).

"[W]hen a defendant tenders all that a plaintiff could recover if his or her claim were fully litigated, a justiciable case or controversy no longer exists and the case should be dismissed for lack of subject matter jurisdiction." Murphy v. Equifax Check Serv., Inc., 35 F. Supp. 2d 200, 203 (D. Conn. 1999) (citing Abrams v. Interco, Inc., 719 F.2d 23 (2d Cir. 1983)).  See also Rand v. Monsanto Co., 926 F. 2d 596, 598 (7th Cir. 1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate . . and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake."); Zimmerman v. Bell, 800 F.2d 386, 390 (4th Cir. 1986) ("[F]ederal courts do not sit simply to bestow vindication in a vacuum.").

It is undisputed that Defendant has offered Plaintiff all she could recover if she were to prevail at trial.  Accordingly, the court will dismiss this action for lack of subject matter jurisdiction and enter judgment against Defendant in accordance with its offer of judgment.  The court will retain jurisdiction to determine the amount of reasonable attorney's fees incurred by Plaintiff.  See Murphy, 35 F. Supp. 2d at 205 (dismissing action pursuant to offer of judgment but retaining jurisdiction to determine reasonable attorney fee under FDCPA); Ambalu v. Rosenblatt, 194 F.R.D. 451, 453 (E.D. N.Y. 2000) (same).

## ORDER

IT IS HEREBY ORDERED that Defendant's motion to dismiss is GRANTED, consistent with this opinion and order.

                                                   sJohn Corbett O'Meara
                                                   United States District Judge

Date: March 27, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 28, 2009, by electronic and/or ordinary mail.

                                        s/William Barkholz
                                        Case Manager