UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWNA KUHNE,

    Plaintiff,

                                    Case No. 08-14088

v.

LAW OFFICES OF TIMOTHY           Hon. John Corbett O'Meara
E. BAXTER AND ASSOCIATES, P.C.,
a professional corporation,

    Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT**

Before the court is Plaintiff's motion for entry of judgment, filed May 27, 2009. Defendant filed a response on June 11, 2009. Pursuant to L.R. 7.1(e)(2) (E.D. Mich. 1998), the court did not hear oral argument.

On March 27, 2009, the court dismissed Plaintiff's complaint because Defendant had served an offer of judgment offering Plaintiff the maximum amount recoverable ($1,000) in this Fair Debt Collection Practices Act suit. The court stated that it would enter a judgment and retain jurisdiction to determine the amount of reasonable attorney's fees incurred by Plaintiff. Plaintiff has submitted a motion for entry of judgment, seeking $4,226.75 in attorney's fees. Plaintiff's attorney asserts that he has expended 15.95 hours on this case at a rate of $265 per hour. Defendant opposes Plaintiff's request for fees.

The FDCPA mandates the award of "a reasonable attorney's fee" and costs to a prevailing party. See 15 U.S.C. § 1692k(a)(3). A reasonable fee is one that is "adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers."

Geier v. Sundquist, 372 F.3d 784, 791 (6th Cir. 2004) (citation omitted). Determining a reasonable fee begins with calculating the product of a "reasonable hourly rate" and the "number of hours reasonably expended on the litigation." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). "A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." Wayne v. Village of Sebring, 36 F.3d 517, 533 (6th Cir. 1994). A useful guideline in determining a reasonable hourly rate is the "prevailing market rate . . . in the relevant community," Blum v. Stenson, 465 U.S. 886, 895 (1984), defined as "that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." Adcock-Ladd v. Sec'y of Treasury, 227 F.3d 343, 350 (6th Cir. 2000).

     Plaintiff's counsel, Gary Nitzkin, has been licensed to practice law in Michigan for nearly twenty years. He avers that his usual and customary hourly rate is $265. The court finds that, given Mr. Nitzkin's experience, this rate is reasonable. See 2003 Michigan State Bar Economics of Law Survey. Mr. Nitzkin also states that he expended 15.95 hours on this suit. The majority of this time, or 10.1 hours, was expended after Plaintiff received Defendant's motion to dismiss, detailing the offer of judgment. The offer of judgment offered Plaintiff the maximum statutory recovery and should have been accepted, thereby ending this litigation.[1] The court finds that the time Plaintiff's counsel spent on this case after receiving Defendant's motion was not reasonable. See Lee v. Thomas & Thomas, 109 F.3d 302 (6th Cir. 1997) (affirming exclusion of attorney's fees expended after offer of statutory maximum judgment under FDCPA). Therefore, the court will reduce the recoverable hours to 5.85, producing an attorney

---

[1] Plaintiff asserted that she did not receive the offer of judgment. She did receive it, however, at the latest, when she was served with Defendant's motion.

fee of $1,550.25.  The court does not discern reasons to increase or decrease this award and finds it appropriate given the relative simplicity of this case and the work required.  See Hensley, 461 U.S. at 430 n.3, 434 n.9 (listing additional factors to consider beyond the lodestar amount).  The court will also award costs in the amount of $350, representing the filing fee.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion is GRANTED IN PART and DENIED IN PART, consistent with this opinion and order.


                                                s/John Corbett O'Meara
                                                United States District Judge

Date:  June 23, 2009


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 23, 2009, by electronic and/or ordinary mail.


                                                s/William Barkholz
                                                Case Manager